**MALCO, INC., Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF REVENUE, Appellee.**

Court of Appeals of Kentucky.

June 30, 1978.

Robert S. Miller, Miller, Griffin & Marks, Lexington, for appellant.

William S. Riley, Asst. Atty. Gen., Frankfort, John N. Hughes, Legal Staff, Dept. of Revenue, Frankfort, for appellee.

Before GANT, HOGGE and WINTERSHEIMER, JJ.

HOGGE, Judge.

This appeal involves the interpretation of KRS 136.070, which imposes a license tax on corporations based on the amount of capital employed in the business. Section two of the statute defines capital as including monies "borrowed for purposes other than current operating expenses and used in lieu of or in addition to invested capital . . ." The appellee, the Department of Revenue, issued assessments against the appellant, Malco, Inc., for additional corporation license tax for calendar years 1968 through

1970 and for the period in 1971 ending October 31, 1971. The basis for these additional assessments were funds borrowed in connection with Malco's business of purchasing and leasing automobiles.

Appellee describes these loans as "money borrowed by the appellant for the purchases of automobiles," and contends there is no exemption. Malco describes the loans in its brief as "loans which are incurred to fund the depreciation of the leased automobiles." It argues that depreciation is a current operating expense, and that it is not liable for taxes on that fifty percent of the assessment representing money borrowed for current operating expenses.

The Kentucky Board of Tax Appeals concluded "that the inclusion of the notes payable in the total capital employed in appellant's business was proper under the provisions of KRS 136.070" for the reason that the purchase of automobiles (i.e. capital assets) is not a current operating expense and monies borrowed for that purpose should not be excluded from the license tax provisions. The Fayette Circuit Court affirmed the decision of the Kentucky Board of Tax Appeals and Malco appeals.

The opinion of the Fayette Circuit Court in this case states that "the facts presented before the Board of Tax Appeals clearly indicated that the money was borrowed for the purposes of *purchasing automobiles* to be leased and these funds were used in lieu of or in addition to invested capital." (Emphasis added). We find ample evidence in the record to support the finding of the Circuit Court. Not only did the appellant's witness not correct counsel when referring to the loans as money borrowed for the purchase of vehicles, but he also described it in that manner in his own testimony.

We agree with the position of the appellant that "depreciation", as that term is generally used and understood in accounting concepts and practices, is a "current operating expense." We cannot agree with the position of the appellant that the borrowings involved in this case were for the purpose of funding the depreciation of the leased automobiles. We do not believe that depreciation is funded, although this point

is very forcefully urged by the appellant. The amount that an asset depreciates in the current year is deductible for income tax purposes, but we do not believe that amount has any relevancy to "capital" as used in this statute. Money borrowed for current operating expense is specifically exempt from this tax by statute. However, under any accounting concept of depreciation and its position on the balance sheet, depreciation is simply not funded. It does not represent any expense that is actually paid, as is true of the normal current operating expenses. It is an accounting charge only.

As above stated, it was admitted by the appellant's expert witness that the borrowed money was *actually used* to purchase new automobiles. It therefore went into capital. What does the depreciable life of an asset have to do with it when the money borrowed, in its inception, went into capital? We find that the initial transaction, viz. borrowing money for the purchase of new automobiles, which makes all that borrowed money part of capital that is taxable under the statute involved, is the determining factor rather than the manner that this same money is subsequently treated by some accounting practice.

The judgment is affirmed.

All concur.